FILED
United States Court of Appeals
Tenth Circuit

August 18, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

RANDY KAILEY,

  Movant.

No. 08-1237
D.C. No. 1:91-CV-02272-LTB

---

ORDER

---

Before **MURPHY**, **McCONNELL**, and **GORSUCH**, Circuit Judges.

---

Randy Kailey filed a motion seeking authorization to file a second or successive 28 U.S.C. § 2254 petition challenging his Colorado convictions of two counts of aggravated incest. Pursuant to this court's order, Warden Brigham Sloan filed a response.

A petitioner seeking to bring a second or successive § 2254 petition may proceed only with a claim not presented in a prior application that "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or relies on facts that "could not have been discovered previously through the exercise of due diligence" and that "would be sufficient to establish by clear and

convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," *id.* § 2244(b)(2)(B). Mr. Kailey proceeds under § 2244(b)(2)(B). He need only make a prima facie showing of the statutory requirements, *id.* § 2244(b)(3)(C), which has been defined as a "showing of possible merit to warrant a fuller exploration by the district court." *Ochoa v. Sirmons*, 485 F.3d 538, 545 (10th Cir. 2007) (quotation omitted).

Mr. Kailey argues that: (1) his counsel was ineffective for failing to interview witnesses; (2) a prosecutor committed misconduct in making an ex parte communication to jurors; (3) his right to due process was violated when he was convicted on proof that did not reach the "beyond a reasonable doubt" standard; and (4) his "convictions were obtained in violation of his Fifth and Fourteenth Amendment rights to be free from onerous criminal trial court convictions," Mot. at 7B. Having carefully reviewed Mr. Kailey's submissions and the warden's response, we conclude that none of Mr. Kailey's claims make a prima facie showing satisfying § 2244(b)(2)(B).

Mr. Kailey's motion for authorization to file a second or successive § 2254 petition is DENIED. This denial of authorization is not appealable and "shall not

be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk