IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Lewis T. Babcock

Civil Action No. 91-cv-02272-LTB

RANDY KAILEY,

    Petitioner,

v.

ROBERT FURLONG, and
GALE NORTON, Attorney General of the State of Colorado,

    Respondents.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND
DIRECTING CLERK OF COURT TO OPEN SEPARATE ACTION

    Petitioner, Randy Kailey, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. On December 14, 2011, he filed a motion for relief from judgment (ECF No. 130) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 130 is an example of the convention the Court will use to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). I will use this convention throughout this order.

    On December 15, 2011, the Court entered a minute order (ECF No. 131) directing Respondents to file a response by January 6, 2012, and allowing Mr. Kailey through January 20, 2012, to file a reply. On January 4, 2012, Respondents filed their response (ECF No. 132). On January 13, 2012, Mr. Kailey filed a motion to strike (ECF No. 133) the response. On January 17, 2012, Respondents filed a response (ECF No.

135) to the motion to strike.  On January 18, 2012, Mr. Kailey filed his reply (ECF No. 136) to Respondents' response.

The Court must construe liberally Mr. Kailey's filings because he is representing himself.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  See *Hall*, 935 F.2d at 1110.

The facts of this case are recounted in detail in the recommendation (ECF No. 97) of former Magistrate Judge O. Edward Schlatter entered on June 24, 1994.  Briefly, in November 1985, a Colorado state court jury convicted Mr. Kailey on two counts of aggravated incest.  The victims were his two daughters, then ages three and four.  Mr. Kailey's conviction was affirmed on direct appeal.  *People v. Kailey*, No. 86CA0268 (Colo. Ct. App. Aug. 27, 1987) (not published).  Mr. Kailey then filed a state habeas corpus claim, which the trial court denied.  The Colorado Supreme Court affirmed.  *Kailey v. Colo. State Dep't of Corr.*, 807 P.2d 563 (Colo. 1991).

Later, Mr. Kailey filed a motion for new trial, alleging that he had newly discovered evidence his daughters had recanted.  After a hearing, the trial court denied the motion, and the state appeals court affirmed.  *People v. Kailey*, 90CA1321 (Colo. Ct. App. June 25, 1992) (not published).

On December 31, 1991, Mr. Kailey filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3) with this Court.  On June 24, 1994, former Magistrate Judge Schlatter reviewed Mr. Kailey's claims on the merits, and recommended (ECF No. 97) that the petition be denied.  On October 11, 1994, the Court entered an order (ECF No. 109) adopting the magistrate judge's

2

recommendation, and dismissing the case. On January 17, 1996, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) entered its order and judgment and mandate (ECF No. 121), denying Mr. Kailey's petition for habeas corpus relief for substantially the reasons stated in the 1994 magistrate judge's recommendation, and affirming this Court's decision wholly adopting the recommendation. *Kailey v. Norton*, No. 94-1512 (10th Cir. Jan. 17, 1996) (not published). On May 13, 1996, the United States Supreme Court denied (ECF No. 123). *Kailey v. Norton*, No. 95-7968 (U.S. May 13, 1996) (not published) (ECF No. 123).

On August 18, 2008, the Tenth Circuit entered an order (ECF No. 129) denying Mr. Kailey's motion seeking authorization to file a second or successive § 2254 petition. Over three years later, on December 14, 2011, Mr. Kailey filed the motion for relief from judgment (ECF No. 130) currently before the Court.

In document ECF No. 130, Mr. Kailey moves for relief from judgment pursuant to Fed. R. Civ. P. 60(b). He specifically references Fed. R. Civ. P. 60(b)(5), ECF No. 130 at 4, which provides as grounds for relief that the "judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." He also specifically references Fed. R. Civ. P. 60(b)(6), *id.* at 5, which provides for "any other reason that justifies relief."

As the basis for his Rule 60(b) motion, Mr. Kailey contends that, since his sentencing, he wrongfully has been denied earned-time credits. He further contends that, if the credits in question were granted, he would have been entitled to immediate and unconditional release as of April 17, 2010. ECF No. 130 at 7. He alleges that he

3

has "participated in more than 600 hours of recommended mental health care treatment programs for which he has not received more than 1,154 days in meritorious earned time credits to which he was statutorily entitled." *Id.* at 6. For the reasons discussed below, the motion will be dismissed.

When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas corpus relief, the Court first must determine whether the motion should be treated as a second or successive habeas corpus application or whether it should be treated as a "true" 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Distinguishing between a true Rule 60(b) motion and a second or successive habeas application turns on the "relief sought, not [the] pleading's title." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

A Rule 60(b) motion is a second or successive application if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)). "[I]t is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1215-16 (citations omitted).

Mr. Kailey's Rule 60(b) motion is not a second or successive application because it does not assert a federal basis for the Court to vacate his underlying conviction. Nor is Mr. Kailey's Rule 60(b) motion a true Rule 60(b) motion because it does not

4

challenge a ruling of the habeas court on procedural grounds. Rather, Mr. Kailey's claims concerning earned-time credits challenge the execution of his sentence and, therefore, properly are asserted in a habeas corpus action pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Mr. Kailey clearly has mischaracterized his Rule 60(b) motion (ECF No. 130) as a motion for relief from judgment and has misfiled the Rule 60(b) motion in the instant action. The motion for relief from judgment will be denied. If Mr. Kailey wishes to pursue his claims concerning earned-time credits, he may do so in the separate § 2241 action I will direct the clerk of the Court to open.

Accordingly, it is

ORDERED that the motion of December 14, 2011, titled "Motion for Relief From Judgment" (ECF No. 130) that Petitioner, Randy Kailey, filed with the Court is denied without prejudice. It is

FURTHER ORDERED that the clerk of the Court use document ECF No. 130 to open a new and separate civil action as of December 14, 2011, the date when document ECF No. 130 was filed in the instant action. It is

FURTHER ORDERED that the "Motion to Strike Response to Motion" (ECF No. 133) filed on January 13, 2012, is denied. It is

FURTHER ORDERED that the clerk of the Court should direct Mr. Kailey to cure any deficiencies in document ECF No. 130 in the new and separate action. It is

FURTHER ORDERED that the clerk of the Court file a copy of this order in both the instant case and in the new and separate action.

DATED at Denver, Colorado, this  21st  day of   February  , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court